UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re:<br><br>JAMES T. SUTHERLAND AND<br>ROBERTA A. SUTHERLAND<br><br>        Debtors | Chapter 7<br>Case No. 13-40282-MSH |

**MEMORANDUM OF DECISION AND ORDER ON TRUSTEE'S OBJECTION
TO DEBTORS' CLAIMS OF EXEMPTION**

Before me is an objection by the chapter 7 trustee, David M. Nickless, to the exemptions claimed by the debtors, James and Roberta Sutherland, in a Harley Davidson motorcycle and in cash and multiple depository accounts.

The material facts are undisputed. The debtors, husband and wife, filed a joint petition for relief under chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) on February 5, 2013. On schedule C (property claimed as exempt) accompanying their bankruptcy petition the debtors elected pursuant to Bankruptcy Code § 522(b)(3) to invoke state law exemptions. Relying upon MASS. GEN. LAWS ch. 235, § 34(fifteenth) and MASS. GEN. LAWS ch. 246, § 28A, Mr. Sutherland claimed as exempt a total of $5,000 in cash and depository accounts and Ms. Sutherland claimed as exempt a total of $5,768 in depository accounts.[1] Pursuant to MASS. GEN. LAWS ch. 235, § 34(sixteenth), Mr. Sutherland also sought to exempt a 2009 Harley Davidson motorcycle worth $12,000 and a 2002 Nissan truck worth $3,400.

---

[1] Of the $5,768 in depository accounts claimed as exempt, Ms. Sutherland allocated $2,500 under MASS. GEN. LAWS ch. 235, § 34(fifteenth), $2,500 under MASS. GEN. LAWS ch. 246, § 28A, and the remaining $768 under MASS. GEN. LAWS ch. 235, § 34(seventeenth). The trustee does not challenge the MASS. GEN. LAWS ch. 235, §34(seventeenth) exemption.

1

The trustee objected to the exemptions on a number of grounds. In an effort to address the trustee's objections the debtors sought and were granted leave to file an amended schedule C. In their amended schedule C Ms. Sutherland continued to claim an exemption of $5,768 in depository accounts, while Mr. Sutherland increased his claimed exemption in cash and depository accounts to $10,750.[2] Mr. Sutherland also continued to claim an exemption in the Harley Davidson motorcycle but dropped his claimed exemption in the Nissan truck.

The trustee objects to the debtors' amended claim of exemptions for two reasons. First, he alleges that MASS. GEN. LAWS ch. 235, § 34(fifteenth) and MASS. GEN. LAWS ch. 246, § 28A do not establish two separate $2,500 exemptions in cash and depository accounts. Rather, he argues, MASS. GEN. LAWS ch. 246, § 28A is merely a directive to banking institutions and creditors that refers to the $2,500 exemption established under the statute most commonly thought of as the Massachusetts exemption statute, MASS. GEN. LAWS ch. 235, § 34. In other words, a Massachusetts debtor electing state exemptions is entitled to a single $2,500 exemption in cash and depository accounts, not two separate $2,500 exemptions. Second, the trustee objects to Mr. Sutherland's claimed exemption in the Harley Davidson, arguing that a motorcycle is not an automobile within the meaning of MASS. GEN. LAWS ch. 235, § 34(sixteenth).

The Sutherlands stand by their exemption claims. They argue that MASS. GEN. LAWS ch. 235, § 34(fifteenth) and MASS. GEN. LAWS ch. 246, § 28A establish two separate $2,500 exemptions, so each debtor should be allowed to claim a total of $5,000 in cash and depository accounts under these statutes. Additionally, Mr. Sutherland argues that he should be able to

---

[2] Of the $10,750 in depository accounts and cash claimed as exempt, Mr. Sutherland allocated $2,500 under MASS. GEN. LAWS ch. 235, § 34(fifteenth), $2,500 under MASS. GEN. LAWS ch. 246, § 28A, and the remaining $5,750 under MASS. GEN. LAWS ch. 235, § 34(seventeenth). The trustee does not object to the exemption claim under MASS. GEN. LAWS ch. 235, § 34(seventeenth).

exempt his Harley Davidson because it is an automobile within the meaning of MASS. GEN. LAWS ch. 235, § 34(sixteenth) which he uses as his primary means of transportation, particularly to and from work, but in any event he is over 60 years of age and thus not subject to the use limitations of the statute.

This dispute implicates the following provisions of Massachusetts law:

MASS. GEN. LAWS ch. 246, § 28A, which provides:

Twenty-five hundred dollars of any natural person in an account in a trust company, savings bank, cooperative bank, credit union, national banking association or other banking institution doing business in the commonwealth shall be exempt from attachment by trustee process. A trustee summons served on any such institution shall describe the exemption with reference to this section. Upon service of a trustee summons, the trustee shall answer as subject to attachment only so much money of the defendant that exceeds $2,500.

No business, trust or organization shall be entitled to the exemption in this section and no natural person shall be entitled to more than a $2,500 exemption at any one time. In any action, the plaintiff may apply to the court for further attachments upon proof by certified records of a trustee that the defendant has received an exemption not authorized under this section or that the $2,500 exemption of the defendant has been in whole or in part exhausted or exceeded.

MASS. GEN. LAWS ch. 235, § 34(fifteenth) and (sixteenth) which provide:

The following property of the debtor shall be exempt from seizure on execution:

Fifteenth, $2,500 in cash or savings or other deposits in a banking or investment institution, wages equal to the greater of 85 per cent of the debtor's gross wages or 50 times the greater of the federal or the Massachusetts hourly minimum wage for each week or portion thereof and the full amount owing or paid to a person as public assistance;

Sixteenth, An automobile necessary for the debtor's personal transportation or to secure or maintain employment, not exceeding $7,500 of wholesale resale value; provided, however, that the equitable value of a vehicle owned or substantially used by debtor who is either a handicapped person or a person 60 years of age or older shall be exempt up to $15,000 in wholesale resale value.

3

The trustee offers no authority for his view that MASS. GEN. LAWS ch. 246, § 28A does not establish an independent exemption but rather refers to the exemption established in MASS. GEN. LAWS ch. 235, § 34(fifteenth). While there appear to be no reported Massachusetts state court decisions on this issue, both the United States District Court in *U.S. v. Turkanis*, No. 86-2860-Z, 1993 WL 592266, at *2 (D. Mass. Dec. 29, 1993), and the Bankruptcy Court in *In re Faro*, No. 09-16896-FJB, 2010 WL 2787850, at *3 (Bankr. D. Mass. July 13, 2010), assumed without deciding that MASS. GEN. LAWS ch. 246, § 28A and MASS. GEN. LAWS ch. 235, § 34(fifteenth) created separate exemptions which were both available to debtors.

Neither statute in any way refers to the other. There is nothing in the language of the two statutes to suggest that they are exempting the same pot of money other than the fact that the amounts happen to be the same. Prior to amendments to both of these statutes which became effective on April 7, 2011, the amounts were different. MASS. GEN. LAWS ch. 246, § 28A exempted from trustee process attachment $500 while MASS. GEN. LAWS ch. 235, § 34(fifteenth) exempted cash and deposit accounts totaling $125. The fact that the exemption amounts are now identical is an insufficient basis upon which to conclude that the Massachusetts legislature intended the 2011 amendments to make MASS. GEN. LAWS ch. 246, § 28A, which had up to then been entirely independent, a mere auxiliary of MASS. GEN. LAWS ch. 235, § 34(fifteenth). Furthermore, while MASS. GEN. LAWS ch. 246, § 28A applies strictly to bank deposits, MASS. GEN. LAWS ch. 235, § 34(fifteenth) includes cash, wages, and public assistance payments in addition to bank deposits.

Nor can there be any doubt that MASS. GEN. LAWS ch. 246, § 28A creates an exemption within the meaning of Bankruptcy Code § 522(b)(3)(A). Unlike the federal bankruptcy exemptions which are found in one place, § 522(d) of the Code, Massachusetts exemptions are scattered about the General Laws. While MASS. GEN. LAWS ch. 235, § 34 is often thought of as the Massachusetts exemption statute, there are plenty of others, among them the all-important MASS. GEN. LAWS ch. 188, §§ 1-14 for real estate, as well as MASS. GEN. LAWS ch. 175, § 125 for life insurance, MASS. GEN. LAWS ch. 175, § 110A for disability insurance, and MASS. GEN. LAWS ch. 115, § 5 for veterans benefits. Nothing in the Bankruptcy Code limits a state's power to establish exemptions. *Owen v. Owen*, 500 U.S. 305, 308 (1991). Indeed, if it chose to a state could do away with exemptions entirely. *Id*.

Unlike subpart B of Bankruptcy Code § 522(b)(3) which applies to property "exempt from process" under state law and subpart C which applies to retirement funds "exempt from taxation," subpart A, which governs personal property like that at issue here, applies to property "exempt" under state law. Assuming as I must that Congress' choice of words was deliberate, subpart A covers the broadest possible range of state exemptions.[3]

---

[3] Bankruptcy Code § 522(b) provides in relevant part:

(1) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection…

(3) Property listed in this paragraph is--

> (A) subject to subsections (o) and (p), any property that is *exempt* under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition …

In short, personal property that is in any way exempt under Massachusetts law is exempt under § 522(b)(3)(A) of the Bankruptcy Code. MASS. GEN. LAWS ch. 246, § 28A exempts from trustee process attachment up to $2500 in a bank account and thus creates an exemption under Massachusetts law.

In light of the longstanding policy to construe exemption statutes liberally in favor of debtors, *In re Caron*, 82 F.3d 7, 10 (1st Cir. 1996), I find no justification to deny the Sutherlands the right to exempt $2,500 under each statute.

As for the Harley, MASS. GEN. LAWS ch. 235, § 34(sixteenth) contains two entirely separate exemption provisions related only in that they both deal with means of personal transport. The first clause of the statute allows any person to exempt an automobile not exceeding $7,500 in wholesale resale value used for personal transportation or to secure or maintain employment. The second clause allows a handicapped person or one 60 years of age or older to exempt a vehicle with a wholesale resale value of up to $15,000. The parties have chosen to do battle over whether a motorcycle is an automobile within the meaning of the first clause of MASS. GEN. LAWS ch. 235, § 34(sixteenth).   I need not decide that issue, however, because it is the second clause upon which Mr. Sutherland, who was 62 years of age on the bankruptcy petition date, relies. The second clause of MASS. GEN. LAWS ch.

---

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is *exempt from process* under applicable nonbankruptcy law; and

(C) retirement funds to the extent that those funds are in a fund or account that is *exempt from taxation* under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

(emphasis added).

235, § 34(sixteenth) uses the term "vehicle" which incorporates a far wider range of conveyances than "automobile." Webster's Third New International Dictionary defines vehicle as "a carrier of goods or passengers" giving as examples a mule, locomotive, airplane, and submarine, among others. PHILIP BABCOCK GOVE ET AL. EDS., *WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY* 2538 (3d ed. 2002). A motorcycle may or may not be an automobile but it certainly is a vehicle.

Based on the foregoing analysis, the trustee's objection to the Sutherlands' amended claim of exemptions is OVERRULED and the exemptions are ALLOWED.

Dated: July 16, 2013

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel appearing:

David M. Nickless, Esq.
Nickless, Phillips and O'Connor
Fitchburg, MA
Chapter 7 Trustee

Sherrill R. Gould, Esq.
Gould Law Offices
Littleton, MA
For debtors, James and Roberta Sutherland

7